UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERON MEDIA LLC,

    Plaintiff,

v.                              Case No. 8:24-cv-2990-VMC-AEP

JEFFREY LIU and MAGIC
MUSIC PRODUCTIONS LLC,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Beron Media LLC's Motion for Leave to Serve Process by Email (Doc. # 13), filed on February 28, 2025. For the reasons that follow, the Motion is granted in part and denied in part.

**Discussion**

Plaintiff initiated this action against Defendants Magic Music Productions LLC and Jeffrey Liu on December 27, 2024. (Doc. # 1). On January 14, 2025, Plaintiff filed an amended complaint asserting claims of copyright infringement, misrepresentation under the Digital Millennium Copyright Act, unfair competition, violation of the Florida Deceptive and Unfair Trade Practices Act, defamation, and tortious interference with business relations. (Doc. # 10 at 11-19).

1

In response to the Court's order requesting a status report on Plaintiff's efforts to perfect service of process, Plaintiff filed the instant Motion. (Doc. # 13).

According to Plaintiff, Defendant Magic Music is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located in New York. (Doc. # 10 at ¶ 6). Defendant Liu is allegedly the sole owner and operator of Magic Music. (Id. at ¶ 7). Counsel for Plaintiff has corresponded with Defendants' alleged attorney, who has declined to accept service on behalf of his clients or execute a waiver of service. (Doc. # 13 at 2; Doc. # 13-6; Doc. # 13-7; Doc. # 13-8). A legal process server was also retained, but the server was unable to serve Defendants due to an incorrect address and the inability to otherwise locate them. (Id. at 3; Doc. # 13-9). Plaintiff therefore "strongly believe[s] that Defendants are concealing their whereabouts." (Doc. # 13 at 3). Accordingly, Plaintiff seeks permission to effectuate service of process by electronic mail to an email address associated with Defendants: magicclub.contact@gmail.com. (Id. at 4). The Motion establishes that the email address is active, and that Defendant Magic Club has utilized it as recently as December 2024. (Doc. # 13-10).

2

Federal Rule of Civil Procedure 4(e)(1) provides that an individual defendant may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). A corporation, partnership, or association defendant may be served by the same means. Fed. R. Civ. P. 4(h)(1)(A).

Plaintiff cites to Ligeri v. Arizona Daily Independent, LLC, No. 8:23-cv-1318-CEH-AEP, 2024 U.S. Dist. LEXIS 4173 (M.D. Fla. Jan. 9, 2024), for the premise that "[a]lternative service by other means such as email is allowed when numerous attempts have been made to serve a U.S.-based Defendant and a Defendant is avoiding service." (Doc. # 13 at 3). Indeed, "[a]lternate service may be necessary where a defendant has concealed his whereabouts and is evading service, making it impossible to effect personal service despite [Plaintiff's] diligent efforts." Ligeri, 2024 U.S. Dist. LEXIS 4173 at *2. Specifically, the Court in Ligeri applied Section 48.102 of the Florida Statutes to determine that an alternate method of service, including by electronic mail, on an Arizona limited liability company was permissible. Id. at *6-7; see also Meza v. JC & Son's Constr. LLC, No. 6:23-cv-242-WWB-LHP, 2023 WL 4904724, at *3 (M.D. Fla. Aug. 1, 2023) (granting request for

3

alternate electronic mail service upon the corporation defendant but denying request as to the individual defendant).

When a party seeking to effectuate service demonstrates due diligence but is unable to effectuate personal service upon a corporation or partnership, the court, upon motion and a showing of such inability, may authorize alternative service methods, including electronic service via email, provided such methods are reasonably effective in giving actual notice to the entity and are consistent with due process principles. Fla. Stat. § 48.102. After a failed attempt to execute service upon the only address on file, an inability to determine Defendants' correct address, and multiple unsuccessful communications with Defendants' alleged attorney, the Court determines that Plaintiff has diligently attempted to effectuate service. Plaintiff has also demonstrated an inability to do so, and that service to the identified email address would be reasonably effective and consistent with due process. See Meza, 2023 WL 4904724, at *3 (M.D. Fla. Aug. 1, 2023) (determining because the plaintiffs made several unsuccessful service attempts at every available address, that they "have 'after due diligence . . . [been] unable to effectuate personal service of process' on

4

Defendant JC & Son's Construction LLC, and by motion, have made a 'showing of such inability,' as required by Fla. Stat. § 48.102").

However, Plaintiff has not provided legal authority establishing that service by electronic mail is a permissible alternate means for serving an individual defendant, nor has Plaintiff established that service upon the identified email address would satisfy notice and due process requirements as to Defendant Liu.

The Court thus grants the Motion as to Defendant Magic Music but denies the Motion without prejudice as to Defendant Liu.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Beron Media LLC's Motion for Leave to Serve Process by Email (Doc. # 13) is **GRANTED** in part and **DENIED** in part as set forth herein.

(2) Plaintiff may serve Defendant Magic Music Productions LLC by electronic mail.

(3) The Motion is **DENIED without prejudice** to the extent it seeks to serve Defendant Jeffrey Liu by electronic mail.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of March, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE